UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 09-86-KSF
(CIVIL ACTION NO. 10-7132-KSF)

UNITED STATES OF AMERICA,                                                                   PLAINTIFF,

V.                                     MAGISTRATE JUDGE'S
                                REPORT AND RECOMMENDATION

DONALD L. GUNN, SR.,                                                                        DEFENDANT.

This matter is before the Court on the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 28]. Consistent with local practice, this matter has been referred to the undersigned for a report and recommendation. The matter having been fully briefed, it is recommended that the Defendant's motion for post conviction relief be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 21, 2009, Donald Gunn entered a guilty plea to an eight (8) count Information charging various offenses related to the possession and distribution of cocaine, and possession of a firearm during and in relation to a drug trafficking crime. [R. 10]. According to his plea agreement, he admitted the following facts:

> As to Counts 1-8, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:
>
> (a) On January 23, 2007, the Defendant was arrested by Lexington police after distributing drugs. A search of his vehicle found cocaine base (crack cocaine), cocaine, marijuana, and a loaded firearm. A search of the Defendant's residence found additional cocaine base (crack cocaine), cocaine, and marijuana, as well as a type of scales commonly used in the illegal drug trade, a drug ledger, and money.

> (b) The Defendant possessed approximately 80.77 grams of cocaine base (crack cocaine) and 822.98 grams of cocaine, both Schedule II controlled substances, and 5,176.6 grams of marijuana, a Schedule I controlled substance. This quantity of drugs is consistent with distribution and not mere personal use. A total of $6,335 in United States currency was also taken from the Defendant. The firearm carried by the Defendant when he was arrested was a North American Arms, model NAA magnum, .22 caliber, revolver, serial number Z07038.
>
> (c) On November 18 and 25, 2008, in Lexington, Kentucky, the Defendant distributed less than one gram of cocaine base (crack cocaine) and less than one gram of cocaine, respectively. On December 5, 2008, the Defendant was arrested by Lexington police and had in his possession approximately one gram of cocaine base (crack cocaine), which he intended to distribute to another.
>
> (d) All the drugs possessed and distributed by the Defendant have been determined by laboratory analysis to be, in fact, cocaine, cocaine base (crack cocaine), and marijuana.

[R. 13].

Gunn was sentenced on August 14, 2009, and did not pursue a direct appeal. [R. 25]. He now brings this motion to vacate his sentence, raising arguments that will be addressed in the following order: (1) that his plea was not a knowing and voluntary plea; (2) that he is actually innocent of the gun charge brought under 18 U.S.C. 924(c)(1); (3) that the Information in this matter did not properly charge an offense for possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1); and, finally, (4) that the Court lacked subject matter jurisdiction. For the reasons that follow, Gunn is not entitled to post conviction relief, and his motion to vacate under § 2255 should be denied.

## II.  VALIDITY OF THE PLEA

In his motion to vacate his sentence, Gunn asserts two arguments challenging the validity of his guilty plea. First, he argues that during his guilty plea the District Court did not discuss with him the presence or effect of the waiver of right to appeal and collateral attack. Therefore,

he contends, that waiver has no effect. Secondly, he asserts that his plea to a 924(c)(1) charge was the result of ineffective assistance of counsel, who advised him to plea to a charge that was not supported by the facts of his case. For the reasons stated below, Gunn's claim that his plea was not a knowing and voluntary plea or was the result of ineffective assistance of counsel are without merit and provide no basis for post conviction relief.

### A.  VALIDITY OF WAIVER OF RIGHT TO APPEAL AND COLLATERAL ATTACK

Gunn's first attack on his plea agreement focuses on the following waiver: "The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution." [R. 13, p. 6].  Before proceeding with an analysis of the merits of Gunn's claim, the court will discuss the issue of whether Gunn has procedurally defaulted this argument due to his failure to present the issue on direct appeal.

Gunn construes this alleged failure to be a violation of his due process rights, and seeks review of this alleged error in his § 2255 motion. The Court notes that Gunn failed to present this claim for review on direct appeal, the result of which is that he is now barred from raising the claim in this motion unless he demonstrates cause and prejudice to excuse the default or a showing of actual innocence. Bousley v. United States, 523 U.S. 614, 621-22 (1998).  To the extent that Gunn might argue cause due to the trial Court's failure to advise him of his right to appeal at the time of sentencing, the Court is aware that in the Sixth Circuit failure to advise a defendant of a right to appeal, in the face of a waiver of that right, is not error. United States v. Fleming, 239 F.3d 761, 763 (6th Cir. 2001).  Therefore, he presents a showing of neither cause nor prejudice to excuse his failure to present the argument on direct appeal, and the claim is therefore procedurally barred.  However, even if not barred, because the record clearly

3

establishes that the Court discussed the waiver with Gunn, who expressed understanding and acquiescence to the provision, he is entitled to no relief.

Gunn argues that the District Court erred during his guilty plea by not questioning him to verify his knowing and voluntary agreement to this waiver. [R. 43, p. 7]. His argument follows: "The Government's admission that the Court did not question Gunn concerning the plea agreement waivers and the record of the plea colloquy is sufficient to show that Gunn's 5th Amendment right(s) to due process has been violated. The fact that a plea agreement 'contained' a waiver is not sufficient to satisfy the requirements under Rule 11(b)(1)(N)." [R. 43, p. 7]. Gunn bases his argument on the United States' statement that at sentencing, "The Court did not advise Gunn of his appeal rights because Gunn had waived his right to appeal." [R. 37, p. 4]. Gunn, confused by the fact that when sentenced the Court did not direct that he be given notice of his right to appeal, argues in this action that during his guilty plea, the Court failed to discuss the presence and effect of the waiver of right to appeal and collateral attack. Because he believes that the Court did not address the waiver of right to appeal and collateral attack during his guilty plea, he argues that the waiver is not enforceable, and therefore, not a bar to his habeas motion. However, because the record reveals that the Court did in fact address the waiver of right to appeal and collateral attack, and verified Gunn's informed and voluntary agreement to the waiver, it is enforceable.

The substantive claim that Gunn presents is that the Court failed to address his waiver of appeal and collateral attack at the time of his guilty plea and, therefore, he claims, the waiver is invalid. However, as revealed below, his argument provides him no relief.

A plea of guilty is valid if it is entered voluntarily and intelligently, <u>Bradshaw v. Stumpf</u>,

4

545 U.S. 175 (2005); Bousley v. United States, 523 U.S. 614 (1998), as determined under the totality of the circumstances. Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); King v. Dutton, 17 F.3d 151, 153 (6th Cir. 1994). To enter a knowing plea, the defendant must understand the true nature of the charge against him. Stumpf v. Mitchell, 367 F. 3d 594, 608 (6th Cir. 2004). The Constitution requires that the totality of the circumstances reflect that the defendant be informed of all direct consequences of his plea. Brady, 397 U.S. at 755. Although no precise litany of rights waived is required, Sparks v. Sowders, 852 F.2d 882, 885 (6th Cir. 1988); Campbell v. Marshal, 769 F.2d 314, 324 (6th Cir. 1985), the record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. North Carolina v. Alford, 400 U.S. 25, 31 (1970); Riggins v. McMacken, 935 F.2d 790, 895 (6th Cir. 1991).

At the time of his plea the Assistant United States Attorney summarized the essential elements of the plea agreement, stating "The defendant waives his right to appeal as well as his right to collaterally attack or file any other type of lawsuit in which he would challenge the validity of his guilty plea, conviction, and any sentence imposed by the Court." [R. 33, p. 8-9]. As it relates to the waiver of right to appeal and collateral attack, the Court stated: "Do you understand that you have waived your right to appeal and your right to collaterally attack your guilty plea, conviction, and sentence, including any order of restitution? A. Yes, sir." [R. 33, p. 11]. As it relates to whether Gunn's plea was knowing and voluntary, the Court stated:

> Q. Mr. Gunn, did you hear Mr. Dicken just now tell me the essential terms of the plea agreement you have entered into with the government?
>
> A. Yes, sir.
>
> Q. Has he stated the essential terms of the plea agreement as you understand the

5

>agreement?
>
>A. Yes, sir.
>
>Q. Has anyone made any promises or assurances to you different from those set out in the plea agreement?
>
>A. No, sir.
>
>Q. Has anyone in any way attempted to force you to plead guilty?
>
>A. No, sir.

[R. 33, p. 9].

Contrary to his statements in support of his motion to vacate, the Court clearly addressed Gunn regarding the waiver, and the record further reflects that he evidenced a full understanding of the direct consequences of the waiver. As a result, he knowingly and voluntarily entered agreed to the waiver, and the Court finds that his first argument in support of his motion to vacate is without merit.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Gunn's second attack on his plea agreement is the claim that his plea was the product of ineffective assistance of counsel. Because claims that counsel was ineffective are not cognizable in a direct criminal appeal, they are more properly raised in a 2255 proceeding. Massaro v. United States, 538 U.S. 500, 504-05 (2003); United States v. Gardner, 417 F.3d 541, 545 (6th Cir. 2005); United States v. Combs, 369 F.3d 925, 940 (6th Cir. 2004); United States v.Delgado, 340 F.3d 520, 527 (6th Cir. 2003). Therefore, the merits of Gunn's claim of ineffective assistance of counsel will be addressed below.

Gunn claims that his plea to a 924(c)(1) charge was not knowing and voluntary as it was the result of ineffective assistance of counsel. He states that when he was stopped by law

6

enforcement, the gun for which he was charged did not belong to him, and was found within an eyeglass case in a compartment in the back of the vehicle he was driving, and therefore in no way "immediately available for use - on the defendant or within his . . . reach." [R. 43, p. 4(citing Bailey v. United States, 516 U.S. 137 (1995).]. Gunn claims that at the time of the offense, he was in fact unaware that the firearm was in the vehicle. [R. 43, p. 4]. He contends that had counsel conducted discovery into the facts of the matter, and likewise conducted research into the elements necessary to prove a 924(c)(1) firearm charge, counsel would have realized that Gunn was actually innocent of the offense. However, because this investigation did not occur, he unknowingly plead guilty to a firearms offense unsupported by the facts. Therefore, he argues, his plea was not knowing and voluntary. [R. 28, p. 4]. However, because the record clearly reflects that Gunn understood the elements of the offense, the facts supported a finding of guilt, and the admission that he both owned and carried the firearm during and in relation to the charged drug trafficking offenses, his claim that counsel was ineffective is contrary to the record, and provides no relief.

  A defendant claiming ineffective assistance of counsel must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). With respect to the first element, the proper measure of attorney performance is simply reasonableness under prevailing professional norms. Id. at 688. Prejudice occurs where there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 692. The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential....A fair assessment of

attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. " . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. "Defendants alleging the ineffective assistance of counsel bear 'a heavy burden of proof.'" Pough v. United States, 442 F.3d 959, 966 (6th Cir. 2006) (citing Whiting v Burt, 395 F.3d 602, 617 (6th Cir. 2005)). "The essential question is whether better lawyering would have produced a different result." Ward v. United States, 995 F.2d 1317, 1321 (6th Cir. 1993); accord United States v. Sanchez, 960 F. 2d 610, 612 (6th Cir. 1992).

Notwithstanding this outcome determinative focus in Strickland, the Court in Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993), clarified that "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Hence, the Lockhart Court instructs reviewing courts to focus on whether counsel's errors have likely undermined the reliability of, and confidence in, the result, i.e., can one confidently say that the trial or proceeding has reached a fair and just result. Id.; accord United States v. Cronic, 466 U.S. 648, 658 (1984); Mallett v. United States, 334 F.3d 491, 497(6th Cir. 2003).

The record of his guilty plea brings the actual facts of his case into clear light and reveal that his arguments' lack merit. Prior to entering his guilty plea Gunn was placed under oath by

8

the court, and instructed that any false statements could result in charges of perjury or false swearing. [R. 33, p. 2]. Gunn stated that as a result of consultation with counsel, he believed it to be in his best interests that the matter proceed by filing an Information, rather than requiring the government to present the matter to the grand jury. [R. 33, p. 3]. The Court then reviewed the charges in the Information, and in relation to the 924(c)(1) charge, and stated: "In Count 4, on or about January 23, 2007, in Fayette, County, in the Eastern District of Kentucky, that you, during and in relation to the drug trafficking crimes set out in Counts 1 through 3 of the Information for which you may be prosecuted in a court of the United States, did knowingly carry a firearm and ammunition; to wit, a loaded North American Arms Model NAA Magnum .22-caliber revolver, Serial No. Z07038, in violation of federal law." [R. 33, p. 5]. When asked by the Court, Gunn testified that he understood the charges set out in the Information. [R. 33, p. 7]. Likewise, the Court asked the Assistant United States Attorney to summarize the essential elements of the plea agreement, and in relation to the 924(c)(1) charge, counsel for the government stated: "He also acknowledges that he is the sole owner of the property [North American Arms, model NAA .22 magnum, .22 caliber, revolver, serial number Z07038, and ammunition] listed in Count 5 and agrees to forfeit his interest in that property." [R. 33, p. 8-9]. Gunn then acknowledged that he heard and understood the essential elements of the plea agreement as recited by the United States. [R. 33, p. 9]. He stated during the colloquy that no one had made any promises to him nor threatened him in any way to coerce his plea. [R. 33, p. 9]. He was informed by the Court of the statutory penalty for the 924(c)(1) charge: "With regard to Count 4, it is not less than five years in prison; not more than life in prison, which shall be consecutive to any other sentence; and a term of supervised release of not more than five years;

9

and a special assessment in the amount of $100." [R. 33, p. 10]. "With regard to Count 5, the statutory punishment is forfeiture of any interest you might have in the listed property [.22 caliber revolver]." [R. 33, p. 10]. Gunn testified that he understood the statutory penalties. [R. 33, p. 11]. As it relates to the waiver of right to appeal and collateral attack, the Court stated: "Do you understand that you have waived your right to appeal and your right to collaterally attack your guilty plea, conviction, and sentence, including any order of restitution? A. Yes, sir." [R. 33, p. 11]. Counsel for the government stated that if the case went to trial, the United States could prove that . . ."On January 23, 2007, the defendant was arrested by Lexington police after distributing drugs. The search of his vehicle found cocaine base, which is also crack cocaine; cocaine, marijuana, a loaded firearm. A search of the defendant's residence found additional crack cocaine, cocaine, and marijuana, as well as a kind of scales commonly used in the illegal drug trade, a drug ledger, and money. The defendant possessed approximately 80.77 grams of crack cocaine and 822.98 grams of cocaine – both are Schedule II controlled substances – as well as 5,176.6 grams of marijuana, which is a Schedule I controlled substance. We would show that this quantity of drugs is consistent with distribution and not mere personal use. . . . A firearm was carried at the time of his arrest, a firearm which is a North American Arms Model NAA Magnum .22-caliber revolver, Serial No. Z07038. [R. 33, pp. 12-13]. Following the Government's recitation of the facts, Gunn testified that he heard and understood what the United States could prove if the case went to trial. [R. 33, p. 13 ]. In fact, he testified that he believed the government could prove these facts. [R. 33, pp. 13-14]. As a result, he entered a plea to all counts charged in the Information, including Counts 4 (924(c)(1)) and 5 (forfeiture). "Q. And Count 4 of the Indictment? A. Guilty, sir. Q. And in count 5 of the indictment [sic]

you agree to the forfeiture of the firearm, ammunition, and currency described in the Information? A. Yes, sir." [R. 33, p. 14].

In light of this clear factual record, Gunn fails the first prong of the Strickland test, in that he cannot show that counsel's representation fell below an objective standard of reasonableness. Id. at. 687. Looking at the facts and circumstances surrounding Gunn's plea, it is clear that counsel acted entirely reasonably in counseling him to enter a plea. Although he now claims that he did not have a firearm on or near his person, and that the revolver that was found was in the car without his knowledge and did not belong to him, these statements are clearly contradictory to his sworn testimony given before the Court at the time of his plea, wherein he admitted understanding that he was charged with knowingly carrying a firearm and ammunition during and in relation to the drug trafficking crimes set out in Counts 1 through 3 of the Information. [R. 33, p. 5]. He acknowledged that he was the sole owner of revolver; that he understood that the government claimed it could prove at trial that he carried the firearm at the time of his arrest; that it was his belief that if the matter went to trial, the government could prove these facts. [R. 33, pp. 13-14]. The statements by Gunn in his motion for post conviction relief are nothing more than conclusory allegations unsupported by specifics and contradictory to his sworn testimony before the Court at the time of his plea. A solemn declaration of guilty by the defendant carries a presumption of truthfulness. Blackledge v. Allison, 431 U.S. 63, 74 (1977); Henderson v. Morgan, 426 U.S. 637, 648 (1976); Peveler v. United States, 269 F.3d 693, 702-03 (6th Cir. 2001); Ramos v. Rogers, 170 F.3d 560, 563 (6th Cir. 1999). Subsequent allegations that are nothing more than conclusory, unsupported by specifics are wholly incredible, and this claim is entitled to summary dismissal. See Blackledge, 431 U.S. at 74.

Therefore, because the record clearly reflects that Gunn understood the elements of the offense, the facts supported a finding of guilt, and the admission that he both owned and carried the firearm during and in relation to the charged drug trafficking offenses, his claim that counsel was ineffective is contrary to the record, and provides no relief.

### III. ACTUAL INNOCENCE

The final matter that the Court will address is Gunn's claim of actual innocence. During his guilty plea, Gunn entered a guilty plea to the charge of knowingly carrying a firearm during an in relation to a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1). He now argues that when he was stopped by law enforcement, the gun for which he was charged did not belong to him, that he did not know it was in the vehicle, and that it was not within his reach. [R. 43, p. 4]. Pertaining to the issue of whether this claim has been procedurally defaulted by Gunn's failure to present it on direct appeal, if a prisoner is unable to show cause and prejudice to excuse default, he may still be able to obtain review of his claims if his case fits within a narrow class of cases permitting review in order to prevent a fundamental miscarriage of justice, as when he submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent. Bousley, 523 U.S. at 622-23, citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986); accord Peveler, 269 F.3d at 698. Therefore, because Gunn asserts actual innocence, his claim is not subject to procedural default, and the Court will address the merits of his claim. However, for the reasons discussed below, this claim of actual innocence provides no relief from Gunn's sentence.

As discussed above, Gunn believed it to be in his best interests that the matter proceed by filing an Information. [R. 33, p. 3]. He acknowledged awareness and understanding of the

charges against him [R. 33, p. 7], and that he was the sole owner of the firearm [R. 33, p. 8-9]. Gunn expressed understanding the essential elements of the plea agreement and represented that no one had made any promises to him nor threatened him in any way to coerce his plea. [R. 33, p. 9]. He testified that he understood the statutory penalties. [R. 33, p. 11]. Gunn testified that he heard and understood what the United States could prove if the case went to trial, including the fact that he carried a firearm during the transactions. [R. 33, p. 13-14 ]. As a result, he entered a plea to all counts charged in the Information, including Counts 4 (924(c)(1)) and 5 (forfeiture). "Q. And Count 4 of the Indictment? A. Guilty, sir. Q. And in count 5 of the indictment [sic] you agree to the forfeiture of the firearm, ammunition, and currency described in the Information? A. Yes, sir." [R. 33, p. 14].

In light of his solemn declarations of guilt in this matter, bare allegations that he did not own the firearm, did not possess the firearm, and did not know if its presence in the vehicle are not sufficient. To make out a credible claim of actual innocence, a defendant must support his allegations of constitutional error with new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence; evidence that was previously unknown or unavailable. Schlup v. Delo, 513 U.S. 298, 324 (1995); Connolly v. Howes, 304 Fed. Appx. 412, 417 (6th Cir. 2008); Knickerbocker v. Wolfenbarger, 212 Fed. Appx. 426, 431 (6th Cir. 2007); Souter v. Jones, 395 F.3d 577, 590 (6th Cir. 2005). Actual innocence means factual innocence, not mere legal insufficiency. Bousley, 523 U.S. at 623-24. Failure to submit new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent will not allow the defendant relief from his sentence. See Bousley, 523 U.S. at 622-23, citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986); accord

Peveler, 269 F.3d at 698.

The statements by Gunn in his motion for post conviction relief are nothing more than conclusory allegations unsupported by exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that were previously unavailable. These bare contentions are therefore wholly incredible, unsupportive of his claim of actual innocence, or that the plea was not knowing and voluntary, and these claims are entitled to summary dismissal. Therefore, Gunn's claims of actual innocence is without merit.

## IV. MISCELLANEOUS CLAIMS

Finally, Gunn presents claims that the Court lacked subject matter jurisdiction, and that the information to which he pled failed to properly charge an offense.[R. 28, p. 5]. Although claims of subject matter jurisdiction might not be subject to waiver or procedural default, his claim that the information failed to properly charge an offense is a claim of insufficient evidence, and is subject to procedural default. See Williamson v. United States, No. 96-2248, 2000 U.S. App. LEXIS 2441, at 4-5 (6Th Cir. 2000). Therefore, because his claim that the offense was not properly charged was not properly presented on appeal, it is procedurally defaulted. In addition, he provides no showing of cause and prejudice to excuse this procedural default, providing neither factual nor legal basis to support the claims. Likewise, he presents nothing more than unsupported conclusory allegations to support his subject matter jurisdiction claim and the sufficiency of the evidence claim. As a result, they are not entitled to further consideration. See Blackledge, 431 U.S. at 74.

## V. CONCLUSION

Therefore, for the reasons set forth above, it is recommended that the Defendant's Motion

to Vacate, Set Aside, or Correct Sentence [R. 28] and Motion for Status Inquiry [R. 45], be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed February 10, 2012.

Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge