UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CRIMINAL ACTION NO. 09-86-KSF
(Civil Action No. 10-7132-KSF)


UNITED STATES OF AMERICA                                                    PLAINTIFF


vs.                                          **OPINION AND ORDER**


DONALD L. GUNN, SR.                                                         DEFENDANT


\* \* \* \* \* \* \* \*

This matter is before the Court on the Motion [DE #28] of Defendant Donald L. Gunn, Sr.,

pro se, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence imposed

in this action on August 14, 2009.  The matter was referred to the Magistrate Judge who, on

February 10, 2012, issued a Report and Recommendation [DE 46] that Gunn's knowing and

voluntary plea waived his right to appeal or to attack his plea collaterally and that his claim of

ineffective assistance of counsel was without merit..

No objections were filed to the Magistrate Judge's Report and Recommendation, and the

time for filing same has passed.  Although this Court must make a *de novo* determination of those

portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. §

636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a

magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither

party objects to those findings."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Moreover, a party who

fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation

waives the right to appeal.  *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).

Nevertheless, having examined the record and having made a *de novo* determination, the Court

is in agreement with the Magistrate Judge's Report and Recommendation.  *See also Premo v.*

*Moore*, 562 U.S. ___, 131 S. Ct. 733, 745-46 (2011) ("There is a most substantial burden on the claimant to show ineffective assistance" following a plea bargain.)

A certificate of appealability should only be issued if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When denials of relief are based on procedural defaults, a district court still should issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). In the present case, the Court determines that Defendant has not presented a close call or one which is "debatable." Therefore, a certificate of appealability will not issue.

Accordingly, it is hereby **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 46] is **ADOPTED** and **INCORPORATED** by reference;

2. The Defendant's Motion [DE 28] is **DENIED** and **DISMISSED** with prejudice;

3. A Certificate of Appealability shall not issue because the Defendant has not made a substantial showing of the denial of any substantive constitutional right; and

4. Judgment will be entered contemporaneously with this opinion and order in favor of the United States.

This March 14, 2012.



**Signed By:**

*Karl S. Forester*   K S F

**United States Senior Judge**

2